UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EZEKIAL RODRIGUEZ, on behalf of
himself and those similarly situated,

    Plaintiffs,

vs.                                        CASE NO: 6:08-CV-1869-ORL-22KRS

FUJI SUSHI & TEPPANI, INC., a
Florida Corporation,

    Defendant.    /

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, EZEKIAL RODRIGUEZ, on behalf of himself and those similarly situated and Defendant, FUJI SUSHI & TEPPANI, INC., a Florida Corporation (collectively "the Parties"), jointly request that this Court approve the terms of the Parties' settlement of the above captioned matter and dismiss this case with prejudice A copy of the executed Settlement Agreement is attached as Exhibit "A".

**I.**     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA

claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendant, as well as any other claims arising out of their employment with Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and Defendant discussed the Plaintiffs'

alleged overtime hours and pay rate and formulated their own proposed settlement figures. The parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II.  Terms of Settlement

### A.  Plaintiffs' Recovery

#### 1. Plaintiff Rordriguez

Plaintiff Rodriguez has agreed to accept a total of $1500 as payment of his overtime damages. Mr. Rodriguez filed Answers to Court Interrogatories estimating his damages to be $780.05 ($1560.10, including Liquidated Damages). Mr. Rodriguez will receive 96% of his total potential damages.

#### 2. Plaintiff Bleeck

Plaintiff Bleeck has agreed to accept a total of $2500 as payment of his overtime damages. He filed Answers to Court Interrogatories estimating his damages to be $5,111.20 ($10,222.40, including Liquidated Damages). Mr. Bleeck agreed to accept a compromised amount based on three factors:

(A) The Defendant considers Mr. Bleeck to be exempt from overtime under applicable white collar exemptions as Mr. Bleeck was employed as a head chef, earned a salary of $700 per week (greater than $455 per week), supervised two or more people, and had authority to hire/fire or suggest the same. Mr. Bleeck disputes the same.

(B) Mr. Bleeck has considered the employer's current financial state and its inability to pay a larger sum for settlement of his claims at this time.

(C) Last, Mr. Bleeck would rather settle the case now rather continue with lengthy litigation and has advised Plaintiff's counsel to accept the settlement irrespective of his potential damages.

**B.** **Attorney's Fees/Costs.** Plaintiffs' counsel will receive $3500 in attorney's fees and $500 in costs. The Parties agree that this is a reasonable attorney's fee for the time expended in this case and have negotiated this amount separately from Plaintiffs' recovery. Plaintiff has attached a Declaration regarding attorney's fees/costs. Sworn Declaration is attached as Exhibit "B".

**C.** No other opt-in Plaintiffs are a part of this suit.

**III.** **Conclusion**

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted on this 23rd day of March, 2009.

| s/ CARLOS V. LEACH | s/ JONATHAN Y. SUH |
|---|---|
| **Carlos Leach, Esq.**<br>FBN.: 0540021<br>Morgan & Morgan, P.A.<br>20 N. Orange Ave., 4th Floor<br>P.O. Box 4979<br>Orlando, FL 32802-4979<br>Telephone:  (407) 420-1414<br>Facsimile:  (407) 420-5956<br>Email: Cleach@forthepeople.com<br><br>COUNSEL FOR PLAINTIFF | **Jonathan Y. Suh, Esq.**<br>FBN.: 28527<br>Jonathan Y. Suh, P.A<br>P.O. Box 2007<br>Winter Park, FL 32789<br>Telephone:  (407) 902-5188<br>Facsimile:  (407) 264-6281<br>Email: jonathan@selahilaw.com<br><br>COUNSEL FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the forgoing with the Court using the CM/ECF system which I understand will send a notice of electronic filing to: Jonathan Y. Suh, Esquire, Jonathan Y. Suh, P.A., P.O. Box 2007, Winter Park, FL  32789, Email: jonathan@selahilaw.com, this 23rd day of March, 2009.

**s/ CARLOS LEACH**
Carlos V. Leach, Esquire
