# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND
# FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1.  This Agreement covers all understandings between EZEKIAL RODRIGUEZ and RALPH BLEEK (hereinafter referred to as "Plaintiffs" a term which includes Plaintiffs' successors, beneficiaries, personal representatives, and heirs) and FUJI SUSHI & TEPPANI, INC., a Florida Corporation,, INC. (hereinafter referred to as "Defendant" term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agree as follows:

    A.  To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants, as related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 6:08-CV-1869-Orl-22KRS pending in the United States District Court for the Middle District of Florida.

    B.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiffs.

    C.  That the below-referenced amount paid by Defendant represents a sum to which Plaintiffs would not be entitled absent this Agreement.

3.  For and in consideration of the promises made by Plaintiffs in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel, Morgan & Morgan, P.A., the total consideration of $8000 payable in three payments as follows:

**On or before April 9, 2009:**

(1) $500 to "Ezekiel Rodriguez" as back wages less applicable tax withholdings;

(2) $833.33 to "Ralph Bleek" as back wages less applicable tax withholdings; and

(3) $1333.33 to "Morgan & Morgan, P.A."

**On or before May 9, 2009:**

(1) $500 to "Ezekiel Rodriguez" as back wages less applicable tax withholdings;

(2) $833.33 to "Ralph Bleek" as back wages less applicable tax withholdings; and

(3) $1333.33 to "Morgan & Morgan, P.A."

**On or before June 9, 2009:**

(1) $500 to "Ezekiel Rodriguez" as back wages less applicable tax withholdings;

(2) $833.33 to "Ralph Bleek" as back wages less applicable tax withholdings; and

(3) $1333.33 to "Morgan & Morgan, P.A."

Plaintiffs are aware of, and agree with, the amount of attorneys' fees and costs to be paid to their counsel for representing his interests in this matter. Should Defendant default on any of the above payments (after a 5 day written notice from Plaintiffs) or should any of the checks be deemed "NSF" Plaintiffs shall be entitled to a judgment plus reasonable attorneys' fees and costs incurred in securing same. All payments are subject to Court approval. Should the Court approval occur after any of the above-mentioned due dates, each respective payment will be due within five (5) days after Court approval. Since all payments represent Actual Damages, applicable tax withholdings shall be withheld by the employer. N.D. Howlader agrees to be personal guarantor for the above-reference payments in section 3.

4. Defendant agrees not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiffs and shall provide Plaintiffs with a neutral job reference. In exchange for the consideration above, Defendant release Plaintiffs from any and all claims, charges, actions and causes of action, and counterclaims of any kind or nature that Defendants once had or now have, whether arising out of Plaintiffs' employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents.

5. In the event that Plaintiffs or Defendant commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Plaintiffs and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. This Agreement supersedes all prior agreements and understandings between Plaintiffs and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States and the State of Florida. The United States District Court for the Middle District of Florida shall retain jurisdiction to enforce the terms of this Settlement Agreement.

DATE: 3/19/09    Signature: _____
                            EZEKIAL RODRIGUEZ

DATE: 3/19/09    Signature: _____
                            RALPH BLEEK

DATE: 3-12-09    Signature: _____
                            By: N.D. Howlader
                            For FUJI SUSHI & TEPPANI, INC., a Florida Corporation,

2