**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EZEKIAL RODRIGUEZ,

       **Plaintiff,**

-vs-                  **Case No. 6:08-cv-1869-Orl-22KRS**

FUJI SUSHI, INC.,

       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 24)**
>
> **FILED:**  **March 23, 2009**

**I. PROCEDURAL HISTORY.**

  This case was brought by Plaintiff Ezekial Rodriguez against Defendant Fuji Sushi & Teppani, Inc., as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Doc. No. 1. Opt-in Plaintiff Ralph Bleeck filed his notice of consent to join the case on December 30, 2008. Doc. No. 11-2. No other plaintiffs joined the case.

  On March 23, 2009, the parties filed the instant motion seeking the Court's approval of their settlement and dismissal of the case with prejudice. Doc. No. 24. The motion seeks approval of a total settlement of $8,000.00 to be disbursed as follows: $1,500.00 to Plaintiff Rodriguez; $2,500.00 to Plaintiff Bleeck; and $4,000.00 to Morgan & Morgan, P.A. Doc. No. 24-3 ¶ 2. The settlement

agreement provides for payment to be made in three equal installments, with Rodriguez, Bleeck and Morgan & Morgan each receiving 1/3 of the amount due in each installment.[1] Doc. No. 24-2 at 1. A copy of the executed settlement agreement and a sworn declaration of Carlos Leach, Esq., including verified time records and an explanation of settlement distribution, are attached to the motion. The Court referred the matter to me for report and recommendation. Doc. No. 13. As the motion is unopposed, it is ripe for consideration.

## II.  APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009),[2] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

---

[1]  Because the amounts due to Bleeck and Morgan & Morgan are not evenly divisible by 3, Bleek will actually receive $2,499.99 and Morgan & Morgan will receive $3,999.99 under the installment payment schedule.

[2]  The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

### A. *Settlement Recovery.*

In his answers to interrogatories, Plaintiff Rodriguez averred that he was owed $1,560.10 ($780.05 in unpaid wages and overtime, $780.05 in liquidated damages). Doc. No. 19-2. Rodriguez has agreed to settle his claim for $1,500.00. Doc. No. 24 at 3. No explanation is given regarding why Rodriguez agreed to accept the lesser amount, although counsel notes that Rodriguez will receive 96% of his total potential damages. *Id.*

In his answers to interrogatories, Plaintiff Bleeck averred that he was owed $10,222.40 ($5,111.20 in unpaid overtime, $5,111.20 in liquidated damages). Doc. No. 19-3. Bleeck has agreed to settle his claim for $2,500.00. Doc. No. 24 at 3. The parties represent that Bleeck agreed to accept a compromised amount based on three factors: (1) Defendant considers Bleeck to be exempt from overtime compensation, which Bleeck disputes; (2) Defendant's current financial state; and (3) Bleeck would rather settle than continue with lengthy litigation. *Id.* at 3-4.

Attorney Leach averred that Plaintiffs' recovery has not and will not be reduced or diminished by the portion allocated to attorney's fees and costs, and is not the result of any contingency fee. Doc. No. 24-3 ¶ 2. The parties represent that the instant action involves disputed issues and the settlement

they negotiated "reflects a reasonable compromise of the disputed issues." Doc. No. 24 at 2. Their settlement agreement reflects that the agreement was knowingly and voluntarily entered into after an opportunity to discuss it with counsel. Doc. No. 24-2.

Because Rodriguez and Bleeck will receive less than the amounts they claimed to be owed under the FLSA, they have compromised their FLSA claims. Therefore, the Court must separately consider whether the compromise of the amounts paid to Rodriguez and Bleeck and the payments to their attorney were reasonable.

### B. Attorney's Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures

ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

The parties have agreed to pay $4,000.00 to Morgan & Morgan, P.A., for attorney's fees and costs. Doc. No. 24 at 4. According to the time sheets attached to Leach's sworn declaration, Attorney Leach expended 10.2 hours in this case at a rate of $300.00 per hour, and Paralegals Risma Saragih and Christy Effron expended 7.5 hours at a rate of $95.00 per hour, totaling $3,772.50 in attorney's fees. Doc. No. 24-3 at 11-14.

    1.    <u>Hourly Rate.</u>

Attorney Leach has been a member of the Florida Bar since 2002, and has been practicing law for seven years. Doc. No. 24-3 ¶ 5. He avers that a reasonable hourly rate for his services is $300.00 per hour. *Id.*

In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at *3 (M.D. Fla. Oct. 19, 2007). Attorney Leach cites several cases in

which judges in the Middle District have approved an award of $250.00 to $300.00 per hour for his services. Doc. No. 24-3 at 3-4. In the following cases cited by Leach, the Court awarded $300.00 per hour for Leach's time in FLSA cases resolved by default judgment: *Bofferding v. C.J.'s Sandwich Shop, Inc.*, Case No. 8:08-cv-574-T-30TGW, Doc. No. 8 (M.D. Fla. July 30, 2008); *Jackson v. Hobart Enterprises, Inc.*, Case No. 8:06-cv-1759-T-30MAP, Doc. No. 44 (M.D. Fla. Aug. 8, 2008); *Savinon v. Acropolis Greek Taverna, Inc.*, Case No. 8:07-cv-552-T-17TGW, Doc. No. 14 (M.D. Fla. Feb. 11, 2008); *Wood v. Chromos, Inc.*, Case No. 8:07-cv-555-17EAJ, Doc. No. 12 (M.D. Fla. Oct. 19, 2007); *Bratton v. Rapid Response Towing, Inc.*, Case No. 8:06-cv-1758-T-27MSS, Doc. No. 16 (M.D. Fla. Aug. 31, 2007); *Sydensticker v. Lea Brothers Roofing, Inc.*, Case No. 5:07-cv-117-Oc-10GRJ, Doc. No. 12 (M.D. Fla. Dec. 21, 2007). In other cases cited by Leach, the Court awarded $250.00 for Leach's time in FLSA cases resolved by default judgment: *Bryan v. Hungry Howie's Pizza Store # 27*, Case No. 5:07-cv-123-Oc-10GRJ, Doc. No. 16 (M.D. Fla. Oct. 2, 2007); *Chandler v. Britton Investments, Inc.*, Case No. 5:07-cv-369-Oc-10GRJ, Doc. No. 10 (M.D. Fla. Jan. 9, 2008); *Donahou v. Innovative Wiring Solutions, LLC*, Case No. 6:07-cv-1338-Orl-19DAB, Doc. Nos. 22, 23 (M.D. Fla. May 2008); *Simeone v. Specialty Roofing and Coating Co.*, Case No. 6:07-cv-890-Orl-31GJK, Doc. Nos. 20, 21 (M.D. Fla. June 3, 2008); *Da Silva v. BPW Pershing, LLC*, Case No. 6:08-cv-763-Orl-31DAB, Doc. Nos. 13, 14 (M.D. Fla. Sept. 16, 2008).

Counsel did not cite other orders of this Court finding that his hourly rate in FLSA cases is $160.00 per hour: *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-19GRJ, 2009 WL 111678 (M.D. Fla. Jan. 15, 2009) (jury trial);[3] *Reboucas v. LCM Investment Group, Inc.*, No. 6:08-cv-280-Orl-

---

[3] The Court found that Leach's affidavit in which he averred that he billed his client at a rate of $300.00 per hour was insufficient to establish his reasonable hourly rate.

28KRS, 2008 WL 4326527 (M.D. Fla. Aug. 28, 2008) (default judgment);[4] *Dial v. Little Wagon Errand Servs., Inc.*, No. 6:07-cv-1072-Orl-28KRS, 2008 WL 227967, at * 1, 5 (M.D. Fla. Jan 25, 2008) (default judgment);[5] *King*, 2007 WL 3072262, at *1 (M.D. Fla. Oct. 19, 2007) (settlement).[6]

As observed by the court in *Norman*, "[n]o two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Norman*, 836 F.2d at 1300. This explains, in part, the difference among judges of this Court regarding Leach's reasonable hourly rate.

Leach averred that this case involved "novel legal issues in the FLSA context such as calculation of overtime damages involving tip credits, tip credits versus minimum wage obligation, an employer's obligations to claim tip credits, and deductions for meal credits. As such, a higher hourly rate is justified." Doc. No. 24-3 at 7. There is no indication in the record that Leach's performance was below acceptable standards. Nevertheless, I find that $300.00 per hour is not a reasonable hourly rate in this market for an attorney with only seven years of experience. Accordingly, I conclude that reasonable hourly rate for Attorney Leach's work in this case is $250.00 per hour.

Leach also seeks $95.00 per hour for Paralegal Saragih, who has approximately five years of paralegal experience, and for Paralegal Effron, who has approximately four years of experience. Doc. No. 24-3 at 7-8. Leach submits no evidence as to the reasonableness of this rate. The Court has

---

[4] The Court found that Leach failed to offer independent evidence of the type required by *Norman* to support the reasonableness of his claimed hourly rate.

[5] The Court found that Leach failed to offer independent evidence of the type required by *Norman* to support the reasonableness of his claimed hourly rate.

[6] The Court found that $300.00 per hour was a fee commanded by lawyers with double Leach's experience and that his performance fell below the level of attorneys practicing before this Court.

previously found the reasonable rate for another paralegal at Leach's firm with nearly nine years of experience to be $50.00 per hour. *See Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla. Jul. 9, 2008). The paralegals' work in this case was primarily limited to preparing form filings and updating Plaintiffs on the status of the case. This limited work is uncomplicated and does not warrant a higher hourly rate. Accordingly, absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Saragih and Effron's work in this case.

    2.    Reasonable Number of Hours.

Attorney Leach averred that he expended 10.2 hours of attorney time in this case. I find that the hours Leach worked are reasonable, in the absence of objection.

Attorney Leach also averred that Saragih and Effron expended 7.5 hours of paralegal time in this case. After reviewing all of the entries for Saragih and Effron, only two entries appear to be non-clerical work. On November 1, 2008, Effron worked 0.50 hours preparing Rodriguez's answers to interrogatories, and on December 30, 2008, Effron worked 0.30 hours preparing Bleeck's answers to interrogatories. Other entries involve preparation or review of form filings[7] (seven entries on November 1, 2008, November 6, 2008, November 10, 2008, December 30, 2008, February 9, 2009, March 12, 2009), and telephone calls and emails (September 16, 2008, two entries on October 7, 2008, October 22, 2008, two entries on October 24, 2008, November 12, 2008, December 3, 2008,

---

[7] The form filings include a certificate of interested persons, which is a form furnished by the Court in which the paralegal typed only the names of the parties and counsel and a form statement regarding the possibility of other similarly situated employees (Doc. No. 3). While there are cases in which attorney or paralegal time is appropriately spent preparing this form because research is required to identify all interested persons, this is not such a case. Other forms require only that a selection be checked or a name be inserted. *See* Doc. Nos. 4, 11.

December 8, 2008, December 29, 2008, January 23, 2009, January 26, 2009, February 23, 2009, two entries on March 10, 2009, three entries on March 13, 2009). None of these entries represent compensable time. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Accordingly, I recommend the Court find that 0.8 hours of work by Effron were reasonable, and that none of the work by Saragih was reasonable.

          3.    Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Legal Professional | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Carlos Leach | $250.00 | 10.20 | $2,550.00 |
| Risma Saragih | $50.00 | 0.00 | $0.00 |
| Christy Effron | $50.00 | 0.80 | $40.00 |
| **TOTAL** | | | **$2,590.00** |

          4.    Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs-other than attorney's fees-should be allowed to the prevailing party." A district court may not award costs in excess of those permitted by 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). In exercising its discretion to award costs allowed by § 1920, a district court must identify the reasons for denying some or all costs to a prevailing party. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). The following are the allowable costs as set forth in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Attorney Leach averred that expenses in the amount of $482.35 were incurred in this case. The cost ledger reflects the following expenses: $20.25 for photocopies, $350.00 for filing fee, $2.11 for postage, $55.00 for service of process, and $54.99 for travel expenses. Doc. No. 24-3.

"Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assoc.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

"Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (citing *Fressell v. AT&T Technologies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984), *aff'd sub*

*nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not allowed. *Desisto*, 718 F. Supp. at 913 (citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) and *Fressell*, 103 F.R.D. at 116). The burden of proof for copying expenses is on the moving party because the cost is within the exclusive knowledge of the moving party. *Desisto*, 718 F. Supp. at 910 n.1. In this case, Leach offered no evidence of the reason for incurring the photocopy charges, and these costs must be deducted.

Postage and travel expenses are not compensable under § 1920. *See Desisto*, 718 F. Supp. at 914; *Scelta*, 203 F. Supp. 2d at 1339 (citing *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991)). Accordingly, the taxable costs total $405.00.

  C. *Fairness Finding.*

Rodriguez and Bleeck have compromised their claims. The reasonable attorney's fees and taxable costs determined by the Court, which total $2,995.00, are less than the amount Morgan & Morgan would recover in the settlement, $4,000.00. The Court cannot determine whether the amounts that Rodriguez and Bleeck agreed to accept were improperly influenced by the agreed amount of attorney's fees and costs. When, as here, there is more than one plaintiff, the Court cannot determine how the excess attorney's fees and costs would be appropriately reallocated. *See Smalbein v. City of Daytona Beach*, 353 F.3d 901, 912 (11th Cir. 2003) (Carnes, J., concurring)(discussing reallocation of settlement amounts).

**IV. RECOMMENDATION.**

Based upon the foregoing, I recommend that the Court find that the settlement agreement is not fair and **DENY** the motion.

Alternatively, the parties may propose a restructuring of the settlement agreement to reduce the attorney's fees and costs payable to Morgan & Morgan to the reasonable amount, with allocation of the excess funds to Rodriguez and Bleeck in an amount agreed to by all parties. I further recommend that the parties advise the Court within the time for objection to this Report and Recommendation whether they request that the Court restructure the settlement agreement and in what manner.

If the Court finds the settlement agreement fair as modified, I further recommend that the Court do the following:

1. **PROHIBIT** counsel for Rodriguez and Bleeck from withholding any portion of the amounts payable to Rodriguez and Bleeck under the settlement agreement, pursuant to a retainer agreement or otherwise;

2. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file; and

3. **ORDER** Morgan & Morgan, P.A., to provide a copy of the Court's Order to Plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 9, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE