# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EZEKIAL RODRIGUEZ,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-1869-Orl-22KRS**

**FUJI SUSHI, INC.,**

        **Defendant.**

_____

## ORDER

### I. INTRODUCTION

This cause comes before the Court for consideration of Magistrate Judge Karla R. Spaulding's April 9, 2009 Report and Recommendation ("R&R") (Doc. No. 25) and Plaintiff Ezekial Rodriguez's ("Rodriguez") Objection thereto (Doc. No. 26), filed on April 24, 2009. Defendant Fuji Sushi, Inc. ("Fuji") did not timely file a response to Plaintiff's objections.

Rodriguez brought this case against Fuji as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking unpaid wages and overtime. (Doc. No. 1.) Opt-in Plaintiff Ralph Bleeck ("Bleeck") filed his notice of consent to join the case on December 30, 2008. (Doc. No. 11-2.) On March 23, 2009, the parties filed a Joint Motion for Approval of Settlement (Doc. No. 24) seeking the Court's approval of their settlement and dismissal of the case with prejudice. The parties represent that the settlement "reflects a reasonable compromise of disputed issues." (Doc. No. 24 p. 2.) The proposed settlement of $8,000.00 is to be disbursed as follows: $1,500.00 to Rodriguez, $2,500.00 to Bleeck, and $4,000.00 to Morgan & Morgan, P.A. ("Morgan & Morgan"). (*Id.* at Ex. B ¶ 2.) Fuji will

satisfy its obligations under the proposed settlement through three installment payments, with each plaintiff and Morgan & Morgan receiving one-third of the amount due in each installment.[1] (*Id.* at Ex. A ¶ 3.)

In answers to interrogatories, Rodriguez averred that Fuji owed him $1,560.10 ($780.05 in unpaid wages and overtime and $780.05 in liquidated damages) and Bleeck averred that Fuji owed him $10,222.40 ($5,111.20 in unpaid overtime and $5,111.20 in liquidated damages). (Doc. No. 19.) Thus, Rodriguez and Bleeck have compromised their claims because they will receive less than they claim to be owed under the proposed settlement. Specifically, Rodriguez will receive 96% of his alleged entitlement and Bleeck will receive 24% of his alleged entitlement. The parties do not explain why Rodriguez compromised his claim. The parties represent that Bleeck compromised his claim because (1) Fuji and Bleeck dispute whether he is entitled to overtime compensation; (2) Bleeck has considered Fuji's "current financial state and its inability to pay a larger sum for settlement of his claims;" and (3) Bleeck prefers to settle his claims now to avoid lengthy litigation. (Doc. No. 24 p. 3.) Carlos Leach, Esq., counsel for the plaintiffs, avers that the plaintiffs' recovery has not been and will not be reduced or diminished by the portion of the proposed settlement allocated to attorneys' fees and costs, and is not the result of a contingency fee. (*Id.* at Ex. B ¶ 2.)

## II. PROCEDURAL BACKGROUND

---

[1] Specifically, the proposed settlement provides that Fuji will pay the first installment on or before April 9, 2009, with the succeeding installments due on or before May 9, 2009, and June 9, 2009. (Doc. No. 24 Ex. A ¶ 3.) In each installment, Fuji will pay Rodriguez $500.00, Bleeck $833.33, and Morgan & Morgan $1,333.33. (*Id.*)

In her R&R, Judge Spaulding found that a reasonable hourly rate for Mr. Leach in this case is $250.00. (Doc. No. 25 p. 7.) Judge Spaulding considered Mr. Leach's performance in this case, the complexity of the issues presented, and his experience as an attorney and in handling FLSA cases. (*Id.* at 4-7.) Judge Spaulding also found that a reasonable hourly rate for paralegals Risma Saragih and Christy Effron is $50.00 per hour, not the $95.00 per hour requested by Mr. Leach. (*Id.* at 8.) Judge Spaulding, noting that Mr. Leach did not present evidence regarding the reasonableness of the requested paralegal rate, considered the simplicity of the work performed by the paralegals and past rates awarded in the Middle District of Florida to paralegals with comparable experience. (*Id.* at 7-8.)

Regarding the number of hours expended, Judge Spaulding found that Mr. Leach's 10.2 hours were reasonable, but reduced the paralegal hours from 7.5 to 0.8 because the paralegals expended most of their time on non-compensable clerical and secretarial tasks. (*Id.* at 8-9.) Accordingly, Judge Spaulding found that the reasonable attorneys' fee for Morgan & Morgan is $2,590.00.[2] (*Id.* at 9.) Judge Spaulding also found that the allowable costs in this case are $405.00. (*Id.* at 11.) Mr. Leach averred that the total costs of the case amounted to $482.35, but Judge Spaulding deducted $20.25 for photocopies, $2.11 for postage, and $54.99 for travel expenses because these costs are not compensable under 28 U.S.C. § 1920. (*Id.* at 9-11.)

Finally, Judge Spaulding found that the proposed settlement is not fair because the plaintiffs compromised their claims to reach the settlement, but the amount Morgan & Morgan

---

[2] Judge Spaulding found that Morgan & Morgan is entitled to $2,550.00 for Mr. Leach's fee (10.2 hours multiplied by the reasonable rate of $250.00) and $40.00 for the paralegals' fees (0.8 hours multiplied by $50.00).

would recover in the settlement ($4,000.00) is far more than the reasonable attorneys' fees and costs she determined for this case ($2,995.00). (*Id.* at 11.) Judge Spaulding could not determine whether the reduced amounts that the plaintiffs agreed to accept were improperly influenced by the agreed amount of attorneys' fees and costs. (*Id.*) Moreover, she could not determine how the excess attorneys' fees should be allocated because this case has more than one plaintiff. (*Id.*) Thus, Judge Spaulding recommended that the Court deny the motion to approve the settlement unless the parties propose a restructuring of the settlement to reduce and reallocate the attorneys' fees and costs payable to Morgan & Morgan that exceed the reasonable amount. (*Id.* at 11-12.)

The plaintiffs object to Judge Spaulding's effort to calculate reasonable attorneys' fees and costs on the grounds that the parties negotiated the attorneys' fees and costs to be paid by Fuji and included those amounts in the terms of the settlement. (Doc. No. 26 ¶ 4.) The plaintiffs assert that because the parties have stipulated that the proposed fee is reasonable, the Court may not inquire into the reasonableness of the fee without a showing of fraud or collusion. (*Id.*) The plaintiffs maintain that attorneys' fees and costs "were resolved separately and did not diminish [the plaintiffs'] recovery pursuant to any contingency fee agreement." (*Id.* at ¶ 5.) The plaintiffs also assert that as a result of the parties' negotiations, Fuji agreed to "pay all litigation costs associated with this case, irrespective of whether those costs are considered to be 'taxable' under section 1920." (*Id.* at ¶ 7.) Finally, the plaintiffs argue that the Court must accept or reject the settlement, but it may not modify or rewrite the terms of the settlement, including those terms related to attorneys' fees and costs. (*Id.* at ¶ 1.)

### III. ANALYSIS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). The settlement must be a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1344-45.

After reviewing the record, the Court agrees with Judge Spaulding that the proposed settlement is not fair. The plaintiffs' objections misunderstand the nature of the Court's obligation to evaluate the fairness of a settlement that compromises a plaintiff's FLSA claim. Under 29 U.S.C. § 216(b), "[t]he court in [an action to recover for a violation of FLSA] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The plain language of the statute *requires* a district court to allow a reasonable fee; it does not permit a court to allow an unreasonable attorney's fee merely because the plaintiff's counsel negotiated that fee with the defendant as part of its settlement. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164, at *1 (11th Cir. Jan. 13, 2009) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.").[3] "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* Thus, "[i]n collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination." *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla.

---

[3] The Court acknowledges that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2.

2005). The district court's duty to consider the reasonableness of attorneys' fees when assessing the fairness of FLSA settlements is analogous to the court's duty to consider the reasonableness of attorneys' fees when evaluating class action settlements. *Id.* at 1145 ("In determining whether the settlement [of a collective FLSA action] is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions . . . ."). In the class action context, the Fifth Circuit has stated that a court must assess the reasonableness of attorneys' fees to "minimize conflicts that 'may arise between the attorney and the class.' " *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998) (quoting *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980)).[4] For example, a conflict may arise in settlements that include both the plaintiff's claims and attorneys' fees when "the defendant's adversarial role with regard to the attorneys' fees is . . . diminished" because the defendant "is interested only in disposing of the total claim asserted against it and the allocation between the class payment and the attorneys' fees is of little or no interest." *Id.* at 849-50 (internal quotation marks omitted). Although "the plaintiff's attorney does not consciously or explicitly bargain for a higher fee at the expense of the beneficiaries, it is very likely that this situation has indirect or subliminal effects on the negotiations." *Id.* at 850 (quoting *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237, 266 (1985)). Thus, a district court, in its review of the settlement, "must strive to minimize the conflict of interest between the class and its attorney inherent in such an arrangement." *Strong*, 137 F.3d

---

[4] The Eleventh Circuit in *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981), held that all decisions of the Fifth Circuit handed down before October 1, 1981, are binding on district courts in the Eleventh Circuit.

at 850. In exercising this duty, the district court "is not bound by the agreement of the parties as to the amount of attorneys' fees." *Piambino*, 610 F.2d at 1328 (finding that a district court "abdicated its responsibility to assess the reasonableness of the attorneys' fees proposed under a settlement of a class action" when it summarily approved the fees provided for in the settlement agreement). The court "must thoroughly review the attorneys' fees agreed to by the parties," even when it "finds the settlement agreement to be untainted by collusion, fraud, and other irregularities." *Strong*, 137 F.3d at 850.

Many of the concerns that underlie the court's duty to assess the reasonableness of attorneys' fees in the class action context exist for settlements of collective FLSA actions, particularly when a motivating factor for the plaintiff's compromise is the defendant's current ability to pay. That is, an inherent conflict exists in FLSA settlements when the plaintiff's attorney negotiates both the plaintiff's award and his own fee. In addition, a defendant in an FLSA action that is unable to pay the full amount of a plaintiff's claim is likely sensitive to its total liability rather than the distribution of its liability between the plaintiff's claims and the attorney's fees. Finally, in such a circumstance, the negotiations regarding the plaintiff's recovery may be tainted indirectly or unconsciously by the parties' knowledge that the attorney's fee issue remains to be discussed and that the defendant's ability to pay is questionable.

In this case, after reviewing the entire record, the Court agrees with Judge Spaulding and adopts her findings regarding the reasonableness of the plaintiffs' attorneys' fees and costs. Based on his performance in this case, the complexity of the issues presented, and his experience as an attorney and in handling FLSA cases, the reasonable hourly rate for Mr. Leach

is $250.00. Considering the simplicity of the work performed by the paralegals and past rates awarded in the Middle District, the Court finds that the reasonable rate for paralegals Risma Saragih and Christy Effron is $50.00 per hour. The Court further finds that Mr. Leach's 10.2 hours billed were reasonable. However, the Court finds that only 0.8 hours of the paralegals' time is compensable because the remainder of their claimed time was devoted to non-compensable clerical and secretarial tasks. Accordingly, the reasonable attorneys' fee for Morgan & Morgan is $2,590.00.[5] Regarding costs, the Court finds that travel expenses and postage charges are not compensable under § 1920. In addition, because Mr. Leach has offered no evidence regarding the reason for incurring photocopying costs, he has failed to meet his burden of establishing that the copies "were necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (indicating that copies obtained for the convenience of counsel are not compensable). Thus, the allowable costs in this case are $405.00. In sum, Morgan & Morgan is entitled to recover reasonable attorneys' fees and costs totaling $2,995.00.

The Court also agrees with Judge Spaulding's finding that the proposed settlement is not a fair resolution of the plaintiffs' claims. Under the proposed settlement, Morgan & Morgan will recover approximately 34% more than the reasonable attorneys' fees and costs determined by the Court. Indeed, Morgan & Morgan's surplus recovery would include costs that Fuji had no legal obligation to pay under § 1920. However, the settlement also provides that Bleeck will recover only 24% of his alleged entitlement, which he compromised, in part, because of Fuji's

---

[5] Morgan & Morgan is entitled to $2,550.00 for Mr. Leach's fee (10.2 hours multiplied by the reasonable rate of $250.00) and $40.00 for the paralegals' fees (0.8 hours multiplied by $50.00).

current inability to pay him the full amount. The settlement further indicates that Rodriguez also compromised his claim for less than the full amount of his alleged entitlement.[6] Moreover, Fuji apparently required a payment schedule for it to satisfy the reduced, negotiated amounts of the plaintiffs' claims. Thus, the settlement requires Bleeck and Rodriguez to accept installment payments rather than a lump sum from Fuji.

The Court cannot countenance a settlement agreement that contemplates paying Bleeck 24% of his alleged entitlement, in part because of Fuji's inability to pay more, but paradoxically contemplates paying Morgan & Morgan approximately 34% more than its reasonable attorneys' fees and costs, which includes costs that Fuji had no legal obligation to pay under § 1920. This result highlights the conflict of interest inherent when plaintiff's counsel negotiates both its client's recovery and its fees with a defendant that is unable to pay the full amount of the plaintiff's claim. Fuji's ability to pay and its probable concern for its total liability, irrespective of the distribution of its payments between the plaintiffs' claims and attorneys' fees and costs, likely had an indirect or subliminal effect on the negotiations of the plaintiffs' recovery and Morgan & Morgan's attorneys' fees and costs. The evidence does not suggest that Mr. Leach consciously or intentionally bargained for a higher fee at the expense of the plaintiffs. Mr. Leach strains credibility, however, when he argues that Morgan & Morgan negotiated with Fuji in good faith to recover attorneys' fees in excess of reasonable amounts and costs beyond what Fuji was required to pay under § 1920, even though at least one of the plaintiffs had to compromise his claim because of Fuji's ability to pay. The Court cannot give its imprimatur

---

[6] Although Rodriguez will recover 96% of his claimed entitlement under the settlement, he nonetheless compromised his claim by agreeing to accept less than the full amount of his claim.

to a settlement that requires Fuji to pay Morgan & Morgan supernumerary costs and attorneys' fees, while simultaneously requiring the plaintiffs to compromise their claims based, in part, on Fuji's inability to pay.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The April 9, 2009 Report and Recommendation (Doc. No. 25) is APPROVED and ADOPTED. The Court finds that the proposed settlement is not fair.

2. Plaintiff Ezekial Rodriguez's Objection and Response to the Report and Recommendation (Doc. No. 26), filed on April 24, 2009, is OVERRULED.

3. The parties' Joint Motion for Approval of Settlement (Doc. No. 24), filed on March 23, 2009, is DENIED. On or before **June 4, 2009**, the parties may propose a restructuring of the settlement agreement to reduce the attorneys' fees and costs payable to Morgan & Morgan to the reasonable amount stated herein, with allocation of the excess funds to Rodriguez and Bleeck in amounts agreed to by all parties.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 21, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge